```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| DAISY WESTON | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | |
| FARBERWARE LICENSING CO. LLC et al. | : | NO. 23-2607 |

## FIRST SCHEDULING ORDER

AND NOW, this 18th day of July 18, 2023, after a telephone conference with counsel, it is hereby ORDERED that:

(1) All fact discovery shall proceed forthwith and continue in such a manner as will assure that all requests for, and responses to, discovery will be served, noticed, and completed by April 30, 2024.

(2) Parties shall serve, on or before April 30, 2024, reports of expert witnesses with respect to issues on which they have the burden of proof.

(3) Parties shall serve, on or before May 31, 2024, any responsive reports of expert witnesses.

(4) Parties shall conduct any depositions of expert witnesses on or before June 28, 2024.

(5) Parties shall file any motions for summary judgment on or before August 1, 2024. The parties are reminded that they must conform their briefs with Rule 56(c) of the Federal Rules of Civil Procedure. See United States v. Hoffecker, 530 F.3d 137, 162 (3d Cir. 2008).

(6) The parties shall prepare and file their <u>Pretrial Memoranda</u> in accordance with this Order and Local Rule of Civil Procedure 16.1(c), as well as proposed points for charge, any proposed special jury interrogatories, and <u>any motions in limine</u> as follows:

    (a) Plaintiff - on or before October 18, 2024;

    (b) Defendants - on or before October 25, 2024.

(7) Each point for charge or proposed jury interrogatory shall be numbered and shall be on a separate sheet of paper identifying the name of the requesting party. Supplemental points for charge will be permitted during and at the conclusion of the trial. Points for charge should be accompanied by appropriate citations of legal authority.

(8) The parties are urged to provide the Court with an electronic copy of the proposed points for charge and proposed special jury interrogatories.

(9) The Court will hold a final settlement conference to be scheduled in October 2024.

(10) The case will be placed in the trial pool on November 1, 2024.

(11) Any party having an objection to the adequacy of the qualifications of an expert witness expected to testify shall set forth separately each such objection in its <u>Pretrial</u>

Memorandum.  Such objection shall describe with particularity the ground and the legal authority for the objection.

(12) The Pretrial Memorandum shall also identify the other significant legal issues involved in the case, together with appropriate citations and other legal authority.

(13) If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel prior to trial for such information.  If the inquiring party is dissatisfied with any offer provided, such party shall file a motion seeking relief from the Court prior to trial.

(14) Before commencement of trial, counsel will pre-mark and exchange all exhibits.  The Court should be supplied with two (2) separate sets of exhibits, and a schedule of exhibits which shall briefly describe each exhibit.

BY THE COURT:

/s/ Harvey Bartle III
                    J.