IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAISY WESTON,**<br><br>    **Plaintiff,**<br>v.<br><br>**FARBERWARE LICENSING CO. LLC, et al.,**<br><br>    **Defendants.** | **Docket No.: 2:23-CV-02607-HB** |

**DEFENDANT WALMART, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OBJECTIONS AND COMPEL THE PRODUCTION OF DOCUMENTS FROM DEFENDANT WALMART, INC., TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS NOS. 8, 11-13, 21-22, 25-38**

Defendant, Walmart, Inc. ("Walmart"), by and through its attorneys, Michelle L. Gorman, Esquire, Kyle A. Peterson, Esquire, and the law firm of Lewis Brisbois Bisgaard & Smith LLP, hereby files the instant Opposition to Plaintiff's Motion to Compel the Production of Documents and in support thereof avers the following:

1. This case involves a products liability claim in which Plaintiff alleges injuries sustained from the use of a pressure cooker sold by Defendant Walmart.

2. Plaintiff has alleged that the subject pressure cooker was designed, manufactured, and distributed in a defective and/or dangerous manner. Specifically, Plaintiff alleges that the lid of the subject pressure cooker could open while the cooker was pressurized, allegedly allowing the release of the hot contents of the product.

3. Plaintiff served all defendants with Requests for Production of Documents on or about July 26, 2023.

4. On October 9, 2023, Defendant Walmart served Plaintiff with its Objections and Responses to Plaintiff's First Request for Production of Documents.

135110673.1

5.      At the time of the October 9, 2023 response, Defendant Walmart did not produce confidential responsive documents as the parties were still negotiating the terms of a protective order.

6.      On November 20, 2023, the Court granted Defendant Walmart's Motion for Confidentiality and Protective Order.

7.      On December 19, 2023 and December 20, 2023, Defendant Walmart produced a large number of documents in response to Plaintiff's Requests for Production.

8.      On January 4, 2023, Plaintiff served upon undersigned counsel a Discovery Deficiency Letter, taking issue with a number of Defendant Walmart's Responses to Requests for Production.

9.      The Responses Plaintiff's alleges to be deficient are listed below:

**RFP No. 8:** Any and all documents relating to any retrofit…of the product."

> **Defendant's Objection and Response:** Defendant did not design, manufacture, or engineer the subject pressure cooker. This Request is better directed to other defendants/entities involved in the design, manufacture, or engineering of the subject pressure cooker.

**RFP No. 11:** Any and all documents relating to any subsequent design (proposed and/or implemented) of the subject product.

> **Defendant's Objection and Response:** Defendant did not design, manufacture, or engineer the subject pressure cooker. This Request is better directed to other defendants/entities involved in the design, manufacture, or engineering of the subject pressure cooker.

**RFP No. 12:** Any and all documents relating to any design change to the subject product.

> **Defendant's Objection and Response:** Defendant did not design, manufacture, or engineer the subject pressure cooker. This Request is better directed to other defendants/entities involved in the design, manufacture, or engineering of the subject pressure cooker.

**RFP No. 13:** Any and all documents or engineering change notices which depict, discuss, or justify any design revisions considered by the defendant to the product.

135110673.1

> **Defendant's Objection and Response:** Defendant did not design, manufacture, or engineer the subject pressure cooker. This Request is better directed to other defendants/entities involved in the design, manufacture, or engineering of the subject pressure cooker.

**RFP No. 21:** Any and all documents which describe any inspection, evaluation or testing of any **similar products**, relating to burn injuries caused by the design of the lid locking mechanism

> **Defendant's Objection and Response:** Defendant did not design, manufacture, or engineer the subject pressure cooker. Further, this request is vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence as "similar product" is in no way defined by Plaintiff. Counsel for Plaintiff and Defendant recently held a meet and confer conference in which the definition of "similar product" was discussed. No agreement has been reached on this point. Further, Defendant Walmart believes that requests for documents and information regarding "similar products" beyond the subject model pressure cooker at issue in this case is improper and goes beyond the needs of Plaintiff's case.

**RFP No. 22:** Any and all reports of other accidents or complaints received by Defendant relating to burn injuries caused by the lid locking mechanism opening while the subject product was under pressure.

> **Defendant's Objection and Response:** Defendant object to this Request as being vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. While Plaintiff takes issue with Defendant Walmart limiting production of information on lawsuits/complaints to years 2021 and 2022, no alternative time period has been proposed. As stated, Plaintiff's Request specifies no time period under which potential lawsuits/complaints should fall. An agreement on a relevant time period for production was not reached at a recent meet and confer conference between counsel.

**Request No. 25:** A claims list including the date of accident, identity of plaintiff/injured party, identity of attorney, accident report, complaint (including court term and number) and any other documents relating to any injury caused by the product where it was alleged that a burn injury resulted from the design of the lid locking mechanism of the product.

> **Defendant's Objection and Response:** Defendant object to this Request as being vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. While Plaintiff takes issue with Defendant Walmart limiting production of information on lawsuits/complaints to years 2021 and 2022, no alternative time period has been proposed. As stated, Plaintiff's Request specifies no time period under which potential lawsuits/complaints should

135110673.1

fall. An agreement on a relevant time period for production was not reached at a recent meet and confer conference between counsel.

**RFP No. 26:** A claims list including the date of accident, identity of plaintiff/injured party, identity of attorney, accident report, complaint (including court term and number) and any other documents relating to any injury caused by any **similar products** where it was alleged that a burn injury resulted from the design of the lid locking mechanism of the product.

> **Defendant's Objection and Response:** Plaintiff's Request is vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, "similar product" is in no way defined by Plaintiff. Counsel for Plaintiff and Defendant recently held a meet and confer conference in which the definition of "similar product" was discussed. No agreement has been reached on this point. Further, Defendant Walmart believes that requests for documents and information regarding "similar products" beyond the subject model pressure cooker at issue in this case is improper and goes beyond the needs of Plaintiff's case.

**RFP No. 27:** All documents relating to any reports of other accidents or complaints involving the product made to CPCS or any governmental entity, where a used and/or consumer alleged that an injury resulted from the lid locking mechanism opening while the contents of the subject product were under pressure.

> **Defendant's Objection and Response:** Defendant object to this Request as being vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. While Plaintiff takes issue with Defendant Walmart limiting production of information on lawsuits/complaints to years 2021 and 2022, no alternative time period has been proposed. As stated, Plaintiff's Request specifies no time period under which potential lawsuits/complaints should fall. An agreement on a relevant time period for production was not reached at a recent meet and confer conference between counsel.

**RFP No. 28:** All documents relating to any reports of other accidents or complaints involving any similar product made to the CPSC, or any governmental entity where a used and/or consumer alleged that an injury resulted from the lid locking mechanism opening while the contents of a similar product were under pressure.

> **Defendant's Objection and Response:** Plaintiff's Request is vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, "similar product" is in no way defined by Plaintiff. Counsel for Plaintiff and Defendant recently held a meet and confer conference in which the definition of "similar product" was discussed. No agreement has been reached on this point. Further, Defendant Walmart believes that requests for documents and information regarding "similar products" beyond the subject model pressure cooker at issue in this case is improper and goes beyond the needs of Plaintiff's case.

**RFP No. 29:** All communications between you and the CPSC or any other governmental entity and the defendants relating to the product.

>**Defendant's Objection and Response:** Plaintiff's Request is vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. By way of further response, please see the previously-produced CPSC reports.

**RFP No. 30:** All communications between you and the CPSC, or any other governmental entity and the defendants relating to any similar product.

>**Defendant's Objection and Response:** Plaintiff's Request is vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, "similar product" is in no way defined by Plaintiff. Counsel for Plaintiff and Defendant recently held a meet and confer conference in which the definition of "similar product" was discussed. No agreement has been reached on this point. Further, Defendant Walmart believes that requests for documents and information regarding "similar products" beyond the subject model pressure cooker at issue in this case is improper and goes beyond the needs of Plaintiff's case. By way of further response, please see the previously-produced CPSC reports.

**RPF No. 31:** All documents relating to any reported incident in which the lid locking mechanism opened the contents of the subject product while it was under pressure, regardless of whether it resulted in injury.

>**Defendant's Objection and Response:** Defendant object to this Request as being vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. While Plaintiff takes issue with Defendant Walmart limiting production of information on lawsuits/complaints to years 2021 and 2022, no alternative time period has been proposed. As stated, Plaintiff's Request specifies no time period under which potential lawsuits/complaints should fall. An agreement on a relevant time period for production was not reached at a recent meet and confer conference between counsel.

**RFP No. 32:** All documents relating to any reported incident in which the lid locking mechanism opened while the contents of a similar product was under pressure, regardless of whether it resulted in injury.

>**Defendant's Objection and Response:** Plaintiff's Request is vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, "similar product" is in no way defined by Plaintiff. Counsel for Plaintiff and Defendant recently held a meet and confer conference in which the definition of "similar product" was discussed. No agreement has been reached on this point. Further, Defendant Walmart believes that requests for documents and information regarding "similar products" beyond the subject model pressure cooker at issue in this case is improper and goes beyond the needs of Plaintiff's case.

135110673.1

**RFP Nos. 33-38:** Defendant Walmart directs Plaintiff to the previously-produced CPSC reports.

10. When deciding a motion to compel, "[t]he moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1). If the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information." *Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019) (quoting *Wright v. City of Philadelphia*, 2017 U.S. Dist. LEXIS 64649, 2017 WL 1541516, at *1 (E.D. Pa. Apr. 28, 2017)).

11. The scope of discovery is broad, but it is not unlimited. See *Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999)*. Discovery should not serve as a fishing expedition. *Upshaw v. Janssen Research & Dev., LLC, No. 11-7574, 2014 U.S. Dist. LEXIS 40303, 2014 WL 1244047, at * 3 (E.D. Pa. Mar. 26, 2014)*.

12. To date, Defendant Walmart has produced in excess of 1,000 documents to the Plaintiff. Defendant Walmart, however, is now being asked to produce documents related to "similar products", an undefined term, and documents without a clearly-established applicable time period.

13. With respect to Plaintiff's request for "similar products", this term has not been defined by Plaintiff, who is putting the burden of unearthing the meaning behind Plaintiff's request on Defendant. Moreover, Walmart employees are not engineers, designers, or experts in the mechanics of kitchen products, they are simply retailers of these products. Walmart is not the appropriate party to differentiate the similarity or differences in the mechanisms within these

machines. Rather, the supplier or manufacturer who engineers such products would be better suited to delineate the specifications of each product.

14. Additionally, such a broad request is unduly burdensome on Defendant Walmart. This search would result in millions of documents and exorbitant e-discovery costs. The time to review, and the cost of producing such a exorbitant number of documents would also severely delay discovery and resolution of this matter. Finally, documents regarding products that are not at issue in this litigation are not relevant. Thus, the burden on Defendant Walmart far outweighs any conceivable benefit to Plaintiffs case.

15. With respect to the requests for information and documents related to lawsuits and claims regarding the subject product, Plaintiff has failed to specify, or otherwise agree to, and the scope of such a production namely, the time periods despite a meet and confer conference with undersigned counsel. A motion to compel with respect to such an issue is not only a waste of judicial resources, it is entirely unnecessary as this issue can easily be resolved with reasonable meet and confer efforts to agree on the scope of this request.

16. Defendant Walmart has been willing to meet and confer with Plaintiff's counsel in order to come to an agreement as to the scope of the document productions and remains eager to resolve these issues once appropriate requests are propounded by Plaintiff's counsel. Given the broad scope, burden, costs, and confusion from Plaintiff's Requests, Defendant Walmart would ask the Court to deny Plaintiff's Motion to Compel and allow the parties to discuss these issues in order to agree on the definition of "similar product" as well as the scope of plaintiff's requests.

| | |
|---|---|
| Date: January 24, 2024 | Respectfully submitted, |
| | LEWIS BRISBOIS BISGAARD & SMITH, LLP |
| By: | */s/ Michelle L. Gorman* |
| | Michelle L. Gorman |
| | PA I.D. No. 332793 |
| | Kyle A. Peterson |
| | PA I.D. No. 325639 |
| | One PPG Place | 28th Floor |
| | Pittsburgh, PA 15222 |
| | 304-224-2526 (Michelle); 412-567-5596 (Kyle) |
| | Michelle.Gorman@lewisbrisbois.com |
| | kyle.peterson@lewisbrisbois.com |
| | *Attorneys for Defendants* |

135110673.1

## **CERTIFICATE OF SERVICE**

I, Michelle L. Gorman, hereby certifies that a true and correct copy of the foregoing OPPOSITION TO MOTION TO COMPEL was filed with and available for access, downloading and viewing with the Court's ECF system and a copy served via electronic mail upon the following this 24th day of January 2024.

Daniel J. Mann, Esq.
Bethany R. Nikitenko, Esq.
Edward S. Goldis, Esq.
Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig LLP
1845 Walnut Street, 21st Floor
Philadelphia, PA 19103
benjamin.present@klinespecter.com
*Counsel for Plaintiff*

*/s/ Michelle L. Gorman*
Michelle L. Gorman
Lewis Brisbois Bisgaard & Smith LLP
*Counsel for Defendants*

135110673.1